IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael Roberts,            Case No. 3:05CV7355

    Plaintiff

v.            ORDER

Northern Frozen Foods, Inc.,

    Defendant

This is a suit by a former employee against his former employer. Pending is plaintiff's Notice of Dismissal of his third claim (Doc. 5) and defendant's Motion to Strike that notice. (Doc. 6).

Defendant contends, and plaintiff does not appear to dispute, that the viability of his notice to dismiss is governed by Fed. R. Civ. P. 15(a), relating to amendments, because the defendant has filed its answer.

Under Rule 15(a) amendments to pleadings can occur only with leave of court after an answer has been filed. Such leave is to be freely given

In his response to the Motion to Strike, plaintiff indicates that his notice of dismissal was prompted by the defendant's Motion to Dismiss his Third Claim. (Doc. 2). The motion to dismiss, the plaintiff acknowledges, appears well-taken.

By seeking to dismiss his third claim (which asserts a public policy tort related to plaintiff's claim under the Family Medical Leave Act) without prejudice, plaintiff seeks to keep the door ajar to filing that claim at some later time, probably in state court.

This, the defendant contends, constitutes impermissible forum shopping. In effect, the defendant argues that the plaintiff, having chosen to assert a claim in this case and, in effect, in this

court (as plaintiff could have foreseen that his suit was removable from state court, where it was originally filed), should be held to his choice: i.e., he should either voluntarily amend his complaint to dismiss his third claim with prejudice or he should respond to the pending motion to dismiss.

I agree with the defendant that this plaintiff's effort to keep the state court door open, even by a tiny bit, is inappropriate. The motion to strike shall be granted, and plaintiff shall be directed either to respond to the defendant's motion to dismiss or, by not responding, allow it to be granted (and thereby avoid any risk that the defendant might seek sanctions under Rule 11).

It is, therefore,

ORDERED THAT:

1. Defendant's Motion to Strike (Doc. 6) be, and the same hereby is granted; plaintiff's Notice of Dismissal (Doc. 5) is stricken; and

2. Plaintiff is granted leave, if he desires, to file an opposition to the defendant's motion to dismiss plaintiff's third claim by November 15, 2005; if no response is forthcoming, the motion to dismiss that claim shall be granted, with prejudice; if plaintiff files a response, defendant's reply shall by filed by November 30, 2005.

So ordered.

                                                      s/James G. Carr
                                                      James G. Carr
                                                      Chief Judge